UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:06cr0103 AS |
| | ) | |
| **ANTHONY A. BOXLEY** | ) | |

*MEMORANDUM, OPINION AND ORDER*

This court held a proceeding in open court in this case on January 3, 2007. As indicated in that proceeding, the court took up and discussed with counsel the defendant's Motion to Dismiss Count 3 of the indictment filed in this case and determined that even if there is possible merit to the motion to dismiss, which is doubtful, it must be taken up during trial and after evidence has been heard. Therefore, the defendant's Motion to Dismiss Count 3 was denied with appropriate leave to renew at a later time.

This court also took up the issue of detention considering the order of Magistrate Judge Christopher A. Nuechterlein entered on October 2, 2006. The charges here are brought under Title 18 U.S.C. §922(g)(1) as well as Title 26 U.S.C. §5861(d). Certainly the decision of Magistrate Judge Nuechterlein with regard to detention is entitled to respect. It is also subject to being reviewed by this court. Under 18 U.S.C. §3145(b), this court must reach its own independent conclusions. *See United States v. Bergner*, 800 F. Supp. 659 (N.D. Ind. 1992). Involved is a de novo review with no specific deference to the United States magistrate judge's findings. *See United States v. Portes*, 786 F.2d 758 (7th Cir. 1985) and *United States v. Levine*, 770 F. Supp. 460 (N.D. Ind. 1992).

Basically what was heard here was a discussion by the lawyers. To be completely candid, there is a number of items of prior record going back to 1999 that cause this court some concern. This court is not considering cases that were dismissed, but only convictions of felonies or serious misdemeanors.

Of particular concern was the 4-6-06 felony conviction in Kosciusko County, Indiana resulting in an 18-month sentence with the Indiana Department of Corrections. To be sure, there were 79 days credit against that sentence. That is very recent and the subject of considerable concern here. Title 18 U.S.C. §3142(a) and (e) authorize a district court to order that, pending trial, a person charged with an offense be detained. The court may order detention pending trial under the standards enunciated in the aforesaid statute For an application of the same, *see United States v. Diaz*, 777 F.2d 1236 (7th Cir. 1985). There are alternate bases on which that detention can be had. One is dangerousness to the community and the other is risk of flight. The government is not required to establish both. *See Portes*. Here, the only issue addressed is dangerousness to the community. This court does not conceive that there is a serious risk of flight here. It is correct that dangerousness to the community must be supported by clear and convincing evidence under 18 U.S.C. §3142(f)(2)(B). Clear and convincing evidence is something more than proof by a preponderance of the evidence, but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418 (1979). Danger in this context generally means more than literal physical danger. It includes the likelihood that an accused may engage in criminal activity,

2

including non-violent criminal activity.  *See United States v. King*, 849 F.2d 485, 487 n. 2 (11th Cir. 1988).  The elements to be specifically considered in this context are found in 18 U.S.C. §3142(g) commonly called the Bail Reform Act.

This defendant's recent criminal record tilts the scales very heavily in the direction of detention.  There are other serious misdemeanor offenses that are also on those scales and tip it a bit further.  Based on the discussions with counsel and the record, including the contents of the pretrial services report, this court is in agreement with the probation officer who prepared the pretrial services report where he stated:

> Assessment of danger.
>
> The defendant presents a risk of danger for the following reasons: the defendant is presently incarcerated for a felony drug-related conviction.
>
> The defendant has at least one instance of violating probation.
>
> The defendant has a history of unsatisfactory probation performance.
>
> The defendant has three prior instances of battery.

In regard to the probation officer's recommendation, the following appears:

> There appears to be no condition or combination of conditions to reasonably assure the defendant's appearance or the safety of any other person or the community.

While this court is not bottoming this decision on the basis of risk of flight, which would be unrealistic here, it is most certainly basing its decision on the dangerousness to the community based in no small part on a very recent felony conviction in Kosciusko County,

Indiana.  This court appreciates the professionalism of counsel in this matter, and now determines the defendant must be detained pending trial under circumstances where he can have extended private consultation with his counsel.  **IT IS SO ORDERED**.

**DATED:** January 8, 2007

        **S/ ALLEN SHARP**
**THE HONORABLE ALLEN SHARP**
**JUDGE, UNITED STATES DISTRICT COURT**